IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.06-20420-CIV-Hoeveler/Brown

CHLOÉ INTERNATIONAL, S.A.,

    Plaintiff,

v.

BELLALUXE, LLC, etc., et al.

    Defendants.

**CLOSED CIVIL CASE**

## PERMANENT INJUNCTION AND FINAL JUDGMENT ON CONSENT AS TO DEFENDANTS BELLALUXE, LLC, and RENEE SEBASTIAN, AND [PROPOSED] ORDER THEREON

Plaintiff Chloé, S.A., having commenced this action for an injunction and other relief against, *inter alia*, BELLALUXE, LLC, d/b/a Bellaluxe Boutique, LLC, and RENEE SEBASTIAN (together, the "Settling Defendants") pursuant to the Lanham Act, 15 U.S.C. § 1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473, and under the laws of the State of New York, for trademark counterfeiting, trademark infringement, trademark dilution, unfair competition and false designation of origin, and unlawful deceptive acts and practices for the reason that the Settling Defendants are alleged to be engaged in importing, distributing, offering for sale and/or selling, among other things, products that bear counterfeits and/or infringing imitations of Plaintiff's trademarks described and defined in the First Amended Complaint (collectively "Plaintiff's Marks"); and

Settling Defendants, having entered into a Settlement Agreement (the "Settlement Agreement") with Plaintiff and having stipulated to the entry of a Permanent Injunction and Final Judgment on Consent; and

Settling Defendants, do not admit to liability by entering into the Settlement Agreement with Plaintiff and having stipulated to the entry of a Permanent Injunction and Final Judgment on Consent; and

CASE NO.06-20420-CIV-Hoeveler/Brown

The parties, having indicated below their consent to the form and entry of this Permanent Injunction and Final Judgment on Consent (the "Injunction and Final Judgment"),

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Settling Defendants, their agents, servants, employees, representatives, confederates, affiliates and any other persons or entities acting in concert or participation with them, hereby agree to be, and are permanently enjoined and restrained from:

   (a) Using the Plaintiff's Marks or any reproduction, counterfeit or copy of Plaintiff's Marks, in connection with the importation, exportation, manufacture, distribution, advertising, promotion, offer for sale and/or sale of products that are not Plaintiff's Products (as defined in the Settlement Agreement), or in any manner likely to cause others to believe Settling Defendants' products are connected with Plaintiff or Plaintiff's Products; and

   (b) Passing off, inducing, or enabling others to sell or pass off any products which are not Plaintiff's Products as and for genuine Plaintiff's Products; and

   (c) Committing any other acts calculated to cause purchasers or prospective purchasers to believe Settling Defendants' products are connected with Plaintiff's Products, unless they are such; and

   (d) Manufacturing or arranging the manufacture of, importing, exporting, shipping, delivering, distributing, offering for sale, selling and/or otherwise moving or disposing of, in any manner, products falsely bearing one or more of Plaintiff's Marks, logos or trade names, or any reproduction, counterfeit or copy of same; and

   (e) Making any representations, orally or in writing, to any member or segment of the public, that they are authorized, licensed or otherwise permitted by Plaintiff to manufacture, export, import, ship, deliver, distribute, offer for sale and/or sell Plaintiff's Products unless they are such; and

    (f) Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above Subsections (a) through (e).

    2. Settling Defendants are to pay Plaintiff Forty Thousand Dollars ($40,000.00) pursuant to the terms of the Settlement Agreement.

    3. This Injunction and Final Judgment shall be recorded.

  **IT IS FINALLY ORDERED**, that this Court has jurisdiction over the parties, and the subject matter of the action. This Court shall retain jurisdiction to the extent necessary to enforce this Injunction and Final Judgment and the Settlement Agreement between the parties, which is hereby made a part hereof and incorporated by reference, and to determine any issues that may arise under either.

**CONSENTED TO BY CHLOÉ, S.A.**

Dated:  June 6, 2008

By: <u>D. Porpoise Evans</u>          .

GREENBERG TRAURIG, P.A.
*Counsel for Chloe International, S.A.*
1221 Brickell Avenue
Miami, FL  33131
Telephone:  (305) 579-0500
Facsimile:  (305) 579-0717
JACQUELINE BECERRA
Florida Bar No. 25135
E-mail: becerraj@gtlaw.com
D. PORPOISE EVANS
Florida Bar No. 576883
Email: evansp@gtlaw.com

-and-
Harley I. Lewin
200 Park Avenue, 34th Floor
MetLife Building
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
E-mail: lewinh@gtlaw.com
*Admitted pro hac vice*

CASE NO.06-20420-CIV-Hoeveler/Brown

**CONSENTED TO BY BELLALUXE,
LLC, and RENEE SEBASTIAN**

Dated: June 6, 2008

                                                  By: <u>Brian J. McCarthy</u>    .
                                                     BERMAN, KEAN & RIGUERA, P.A.
                                                     Brian J. McCarthy, Esq.
                                                     2101 West Commercial Boulevard
                                                     Suite 2800
                                                     Fort Lauderdale, FL 33309
                                                     Telephone: (954) 735-0000
                                                     Facsimile: (954) 735-3636
                                                     E-mail: bjm@bermankean.com

                                                   *Counsel for Defendants Bellaluxe, LLC, and
                                                   Renee Sebastian*

**SO ORDERED**

Dated:  6/25/08            By: _[signature]_
                                               WILLIAM M. HOEVELER
                                               UNITED STATES DISTRICT JUDGE